UNITED STATES of America

v.

**Paulie DAVILLA, Roberto Davilla, a/k/a "Robertico," and Jimmy Davilla, Defendants.**

**No. S3 95 Cr. 143 (DAB).**

United States District Court, S.D. New York.

Jan. 4, 1996.

Mary Jo White, United States Attorney for the Southern District of New York, New York City (John J. Rice, Douglas M. Lankler, Assistant United States Attorneys, of Counsel), for the United States of America.

Lynn F. Stewart, New York City, for Defendant Roberto Davilla.

Shaw, Pittman, Potts & Trowbridge, New York City (Kenneth A. Caruso, Robert Y. Lewis, of Counsel), for Defendant Jimmy Davilla.

BATTS, District Judge.

In this multi-defendant criminal RICO and narcotics conspiracy prosecution, defendant Roberto Davilla moves for dismissal of the Third Superseding Indictment, in its entirety, pursuant to the Juvenile Delinquency Act, 18 U.S.C. §§ 5031, 5032 ("JDA"). Defendant Jimmy Davilla moves to dismiss Count Nineteen of the Indictment, or for a Bill of Particulars, on the basis of the JDA.

A factual description of the Second Superseding Indictment is set forth in this Court's Memorandum Opinion of October 2, 1995, familiarity with which is assumed. Since the filing of the pretrial motions addressed in that opinion, a Third Superseding Indictment has been filed, adding another defendant, but not otherwise affecting the nature of the charges against the Davillas, whose trial was severed from that of their codefendants in the October 2, 1995 Opinion.

## DISCUSSION

I. *Roberto Davilla's Motion to Dismiss the Indictment*

Roberto Davilla moves to dismiss all five counts of the Indictment in which he has been charged, on the grounds that he was a juvenile at the time the offenses occurred, and that the Government has failed to satisfy all the jurisdictional prerequisites of the JDA. The five counts that include charges against Roberto Davilla are: Count One (RICO conspiracy); Count Two (RICO); Count Twelve (conspiracy to possess and distribute heroin and cocaine); Count Thirteen (possession and distribution of heroin); and Count Nineteen [1] (possession and distribution of heroin).

According to his motion papers, Roberto Davilla was born in Puerto Rico on July 18, 1974.[2] Under § 5031 of the JDA, the relevant dates for the Court's inquiry are those when the defendant turned eighteen and/or twenty-one, respectively. In Roberto Davilla's case, he reached age eighteen on July 18, 1992, and age twenty-one on July 18, 1995.

In *United States v. Wong*, 40 F.3d 1347 (2d Cir.1994), the Second Circuit discussed RICO charges in relation to the JDA:

> The relevant 'act' for purposes of determining federal jurisdiction under § 5032 is the crime charged in the indictment—here, the substantive RICO and RICO conspiracy offenses alleged therein—rather than the discrete predicate acts underlying those charges.... Accordingly, to determine whether the JDA governs a prosecution, a court should look to the defendant's age at the time of the offense or offenses charged in the indictment.

> Wong and Ngo began committing the RICO offenses charged in counts one and two of the indictment while they were juveniles, but continued to do so after their eighteenth birthdays. Because the RICO offenses were not 'committed by a [defendant] prior to his eighteenth birthday,' § 5031, these offenses are not subject to the requirements of the JDA.

*Wong*, 40 F.3d at 1365.

After analyzing the issue by reference to conspiracy case law applying the JDA, and analogizing both the concept of contract rati-

---

1. The Government concedes that Count Nineteen encompasses activity by Roberto Davilla prior to age eighteen. Accordingly, the Government moves herein to dismiss Count Nineteen as to Roberto Davilla only.

2. All ages and birth dates are based on the representations of defense counsel, and for the purposes of this motion the Government has accepted the dates provided. Gov't Mem. at 4, n. 1. The Court will accept the provided dates as well, for purposes of the instant motion.

fication and precedent from the statute-of-limitations context, the Court continued:

> We conclude that the defendant's age at the time the substantive RICO or RICO conspiracy offense is completed is the relevant age for purposes of the JDA, and that an adult defendant may properly be held liable under RICO for predicate offenses committed as a juvenile. Accordingly, the district court properly had subject matter jurisdiction over the substantive RICO and RICO conspiracy counts that incorporated the predicate acts committed by Wong and Ngo as juveniles.

*Id.* at 1368.

■ Likewise, "federal courts have jurisdiction over [non-RICO] conspiracies begun while a defendant was a minor but completed after his eighteenth birthday.... Because conspiracy is a continuing crime that endures until its objectives are either completed or abandoned, a federal court may assume jurisdiction over a defendant upon a threshold demonstration of post-eighteen conspiracy activity." *Id.* at 1366 (internal quotations and citations omitted).

Informed by *Wong*, it is clear that Roberto Davilla's motion lacks merit with respect to all but Count Nineteen. Each of Counts One, Two, and Twelve—which allege RICO conspiracy, RICO, and conspiracy, respectively—alleges Roberto Davilla's involvement after his eighteenth birthday.[3] Accordingly, as to those counts, defendant Robert Davilla's motion is denied.

Count Thirteen, which alleges possession and distribution of heroin in early 1994, sets forth alleged conduct occurring after Roberto Davilla's eighteenth birthday. Accordingly, the strictures of the JDA do not apply, and the defendant's motion is likewise denied as to Count Thirteen.

Finally, in light of Roberto Davilla's assertion that he was fifteen at the time of the alleged offense, the Government moves to dismiss Count Nineteen. On that basis, Count Nineteen is hereby dismissed as to defendant Roberto Davilla only.

## II. *Jimmy Davilla's Motion to Dismiss, or in the Alternative, for a Bill of Particulars*

Jimmy Davilla moves against Count Nineteen of the Indictment, either for dismissal or for a Bill of Particulars establishing the jurisdiction of the Court.

According to his motion papers, Jimmy Davilla was born on January 18, 1972.[4] Thus, Jimmy Davilla reached age eighteen on January 18, 1990, and age twenty-one on January 18, 1993. Count Nineteen charges Jimmy, Paulie, and Roberto Davilla with possession and distribution of heroin "[f]rom ... in or about late 1989, through in or about early 1990." Jimmy Davilla points out that, if the conduct alleged in this count did not proceed beyond January 18, 1990, it would constitute an act of juvenile delinquency under the JDA, 18 U.S.C. § 5031, and call into question the jurisdiction of this Court under 18 U.S.C. § 5032.

In response, the Government provides the date of filing of the underlying complaint, December 9, 1994, and the date the original Indictment was handed up, February 16, 1995, to show that, even were the conduct an act of juvenile delinquency, these proceedings were initiated after Jimmy Davilla had reached twenty-one years of age.

■ "In applying Section 5031, the courts have consistently held that a defendant who is alleged to have committed a crime before his eighteenth birthday may not invoke the protection of the Juvenile Delinquency Act if criminal proceedings begin after the defendant reaches the age of twenty-one." *United*

---

3. To be specific, each of these counts alleges what appear to be the same two crimes in furtherance of the conspiracy and RICO enterprise: one from late 1989 to early 1990 (when Roberto was fifteen) and another in early 1994 (when Roberto was nineteen). *Compare* Superseding Indictment ¶ 16 (Act of Racketeering Three) and ¶ 23 (Act of Racketeering Ten) *with* ¶ 54(a) and ¶ 54(p) (overt acts of Count Twelve's Conspiracy charge).

4. All ages and birth dates are based on the representations of defense counsel. While no documentation has been provided to the Court or to the Government, the Government has accepted the dates provided for the purposes of this motion. Gov't Mem. at 4, n. 1. The Court will accept the provided dates as well, for purposes of the instant motion.

*States v. Hoo,* 825 F.2d 667, 669–70 (2d Cir. 1987), *cited in, United States v. Wong,* 40 F.3d 1347, 1367 (2d Cir.1994). Accordingly, because these proceedings began after Jimmy Davilla turned twenty-one, this Court has jurisdiction, whether or not Count Nineteen charges an act of juvenile delinquency.

Further, the Government responds that it will present evidence that the conduct charged in Count Nineteen continued well past Jimmy Davilla's eighteenth birthday. Gov't Mem. at 5. Because the JDA does not limit the Government's ability to prosecute offenses occurring after a defendant's eighteenth birthday, no basis exists to dismiss Count Nineteen as to Jimmy Davilla.

Jimmy Davilla also argues that even if the prosecution was commenced after his twenty-first birthday, thus giving the Court jurisdiction under *Hoo,* but the government improperly delayed prosecution until after that key date, "then Jimmy Davilla is a juvenile for purposes of the Act." Mem. of Jimmy Davilla at 8. The argument cannot succeed, however, without some affirmative showing of an improper prosecutorial motive in the delay. *See Hoo,* 825 F.2d at 671; *United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971). Here, Jimmy Davilla makes no allegation, much less an affirmative showing, that this is the case. Accordingly, the argument is unavailing.

For these reasons, the motion of Jimmy Davilla to dismiss Count Nineteen, or for a Bill of Particulars, is denied.

### ORDER

For the reasons stated above, IT IS HEREBY ORDERED THAT:

(1) Defendant Jimmy Davilla's motion to dismiss or for a Bill of Particulars is DENIED;

(2) Defendant Roberto Davilla's motion to dismiss Counts One, Two, Twelve, and Thirteen is DENIED; and,

(3) Count Nineteen is hereby dismissed as to defendant Roberto Davilla only.

SO ORDERED.